**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

SCOTT PHILLIP LEWIS,

                          Plaintiff,

        v.

                                               No. 8:24-CV-00849
NEW YORK STATE BOARD OF ELECTIONS,       (GTS/CFH)

                          Defendant.

_____

SCOTT PHILLIP LEWIS,

                          Plaintiff,

        v.

                                               No. 8:24-CV-01036
NEW YORK STATE BOARD OF ELECTIONS,       (GTS/CFH)

                          Defendant.

_____

**APPEARANCES:**

Scott Phillip Lewis
1936 Saranac Avenue
#3, PMB 411
Lake Placid, New York 12946
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER

#### I. In Forma Pauperis

      Plaintiff pro se Scott Lewis ("plaintiff")[1] purported to commence this action on July

4, 2024, by filing a complaint.  See Dkt. No. 1 ("Compl.").  In lieu of paying this Court's

---

[1] The undersigned notes that plaintiff is a particularly litigious individual who has filed numerous other actions that are presently pending in this District, as well as others.  See, e.g., Lewis v. Town of Elizabethtown, 8:24-CV-00535 (AMN/DJS) (N.D.N.Y. filed Apr. 18, 2024), Dkt. No. 9 (dismissing

filing fee, he submitted an application for leave to proceed in forma pauperis ("IFP").

See Dkt. No. 2. The undersigned has reviewed plaintiff's IFP application and

determines that he financially qualifies to proceed IFP.[2]

## II. Consolidation

"Rule 42(a) of the Federal Rules of Civil Procedure provides for the consolidation

of actions pending before the court which involve 'a common question of law or fact.'"

Boyde v. Uzunoff, No. 9:21-CV-0741 (TJM/ATB), 2021 WL 3185472, at *1 (N.D.N.Y.

July 28, 2021) (quoting FED. R. CIV. P. 42(a)(2)). "As the Second Circuit has

recognized, '[t]he trial court has broad discretion to determine whether consolidation is

---

complaint with leave to amend); Lewis v. Adirondack Med. Ctr., 1:24-CV-00376 (BKS/TWD) (N.D.N.Y. filed Mar. 19, 2024), Dkt. No. 4 (Report-Recommendation recommending dismissal pending review); Lewis v. Paymaster Payroll Sys., Inc., 8:24-CV-00121 (MAD/DJS) (N.D.N.Y. filed Jan. 25, 2024), Dkt. No. 9 (dismissing complaint and entering judgment in favor of the defendants); Lewis v. Walsh, 8:24-CV-00098 (GTS/CFH) (N.D.N.Y. filed Jan. 21, 2024), Dkt. No. 5 (Report-Recommendation recommending dismissal pending review); Lewis v. Essex Cnty., 8:24-CV-00100 (MAD/CFH) (N.D.N.Y. filed Jan. 19, 2024), Dkt. No. 9 (Report-Recommendation recommending dismissal pending review); Lewis v. Despos, LLC, 8:24-CV-00079 (AMN/CFH) (N.D.N.Y. filed Jan. 17, 2024), Dkt. No. 12 (dismissing complaint without leave to amend); Lewis v. R. L. Vallee, Inc., 8:24-CV-00069 (AMN/DJS) (N.D.N.Y. filed Jan. 16, 2024), Dkt. No. 17 (dismissing complaint with leave to amend); Lewis v. Affiliated Enter. Sol., LLC, 8:24-CV-00061 (BKS/DJS) (N.D.N.Y. filed Jan. 15, 2024), Dkt. No. 17 (dismissing complaint with leave to amend); Lewis v. Redline Hockey, LLC, 8:24-CV-00068 (BKS/DJS) (N.D.N.Y. filed Jan. 15, 2024), Dkt. No. 17 (dismissing complaint with leave to amend); Lewis v. Citizens United, Inc., 8:24-CV-00029 (TJM/DJS) (N.D.N.Y. filed Jan. 8, 2024), Dkt. No. 25 (dismissing amended complaint); Lewis v. Adirondack Med. Ctr., 8:24-CV-00027 (BKS/DJS) (N.D.N.Y. filed Jan. 7, 2024), Dkt. No. 17 (dismissing complaint with leave to amend); Lewis v. Onondaga Cnty., 8:24-CV-00013 (GTS/DJS) (N.D.N.Y. filed Jan. 3, 2024), Dkt. No. 21 (dismissing complaint with leave to amend); Lewis v. Franklin Cnty., 8:23-CV-01647 (DNH/CFH) (N.D.N.Y. filed Dec. 28, 2023), Dkt. No. 15 (partially dismissing complaint, permitting one claim to proceed); Lewis v. Essex Cnty., 8:23-CV-01636 (TJM/CFH) (N.D.N.Y. filed Dec. 26, 2023), Dkt. No. 9 (Report-Recommendation recommending dismissal pending review); Lewis v. State of Texas, 1:24-CV-00461 (ADA) (W.D. Tex. filed Apr. 25, 2024), Dkt. No. 3 (dismissing all claims with prejudice as malicious); Lewis v. Williamson Cnty., 1:24-CV-03092 (LTS) (S.D.N.Y. filed Apr. 20, 2024); Lewis v. Williamson Cnty., 1:24-CV-00118 (ADA) (W.D. Tex. filed Jan. 29, 2024), Dkt. No. 3 (dismissing all claims with prejudice as malicious); Lewis v. Williamson Cnty., 1:21-CV-00074 (ADA/SH) (W.D. Tex. filed Jan. 25, 2021), Dkt. No. 152 (granting summary judgment in favor of the defendants and dismissing the plaintiff's claims with prejudice).

[2] Plaintiff is advised that although he has been granted IFP status, he is still required to pay any fees and costs he may incur in this action, including but not limited to copying fees, transcript fees, and witness fees.

appropriate,' and may consolidate actions sua sponte."  Id. (quoting Johnson v. Celotex

Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990), and citing Devlin v. Transp. Commc'ns

Intern. Union, 175 F.3d 121, 130 (2d Cir. 1999)); see Innovation Ventures v. Ultimate

One Distrib. Corp., No. 12-CV-5354 (KAM/RLM), 2014 WL 824304, at *2 (E.D.N.Y. Mar.

3, 2014) ("A court may consolidate related cases sua sponte under Rule 42(a).")

(citation omitted).  "The Court must consider in each case the possible risks and

benefits of consolidation."  Boyde, 2021 WL 3185472, at *1; see Jacobs v. Castillo, 612

F. Supp. 2d 369, 373 (S.D.N.Y. 2009) ("Consolidation . . . further[s] the goal of 'judicial

economy' because discovery in each case is likely to be identical, motion practice and

trial in the two cases would most likely cover the same facts and some identical issues

of law.").  "The paramount concern is whether savings of expense and gains of

efficiency can be accomplished without sacrifice of justice."  Wolm v. Ahern, No. 14-CV-

3978 (JFB/GRB), 2014 WL 5171763, at *1 (E.D.N.Y. Oct. 8, 2014) (citing Johnson, 899

F.2d at 1285).

    Here, plaintiff commenced the instant case, 8:24-CV-00849, Lewis v. New York

State Board of Elections (hereinafter "Lewis I"), on July 4, 2024.  See Compl.

(hereinafter "Compl. I").  Nearly seven weeks later, on August 21, 2024, plaintiff

commenced a second action, 8:24-CV-01036, Lewis v. New York State Board of

Elections (hereinafter "Lewis II"), with the filing of a separate complaint (hereinafter

"Compl. II").  The undersigned has reviewed both complaints in each action, and has

determined "that common questions of law and fact exist in these cases."  Boyde, 2021

WL 3185472, at *1.  "Plaintiff appears to name the same defendant[, the New York

State Board of Elections,] and to the extent it can be determined, the cases arise out of

the same facts and circumstances and raise the same claims in [both] of these . . . actions." Lamothe v. Brown, No. 5:22-CV-161 (TJM/CFH), 2023 WL 316013, at *1 (D. Vt. Jan. 19, 2023), report and recommendation adopted, 2023 WL 3301220 (D. Vt. May 8, 2023).  Notably, both of the complaints filed by plaintiff challenge the constitutionality of New York State's election laws,[3] and his claims derive from his "run to represent New York State's 21st Congressional District" in the upcoming November 2024 general election.  Compl. I at 3; Compl. II at 5.[4]  Thus, "[c]onsolidating these actions will avoid 'unnecessary repetition and confusion.'"  Royal v. Shulkin, No. 1:17-CV-1251 (GTS/CFH), 2018 WL 1229701, at *1 (N.D.N.Y. Jan. 5, 2018) (quoting Miller v. U.S. Postal Serv., 729 F.2d 1033, 1036 (5th Cir. 1984)), report and recommendation adopted, 2018 WL 1229822 (N.D.N.Y. Mar. 8, 2018); see Morales v. Pallito, No. 1:13-CV-141, 2013 WL 3148411, at *1 (D. Vt. June 19, 2013) ("[The plaintiff] is bringing the same claim against the same [d]efendant in both cases.  [The defendant] has not yet been served and, consequently, there has been no responsive pleading and no discovery.  The Court thus finds that the interests of justice will be best served by consolidation, as carrying these two actions forward as one enhances judicial economy, with no prejudice to any party.").

Accordingly, it is recommended that these two cases be consolidated, with Lewis I as the lead case, and Lewis II as a member case.

## III. Initial Review

---

[3] In Lewis I, plaintiff challenges the constitutionality of sections 6-132, 6-134, 6-136, 6-140, 6-142, and 6-158 of the New York Election Law.  See generally Compl. I.  In Lewis II, plaintiff challenges the constitutionality of section 16-102 of the New York Election Law.  See generally Compl. II.
[4] Citations are to the pagination generated by CM/ECF, located in the header of each page.

## A. Legal Standard

28 U.S.C. § 1915 directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[5]  28 U.S.C. § 1915(e)(2)(B).[6]  "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action."  Praileau v. Fischer, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest."  Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).  As the Second Circuit stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to special solicitude, that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest.  At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law . . . .

---

[5] "'A case is malicious if it was filed with the intention or desire to harm another.'"  Tafari v. Hues, 473 F.3d 440, 442 (2d Cir. 2007) (quoting Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005)).  A case "is frivolous when it 'lacks an arguable basis either in law or in fact'" and "advances 'inarguable legal conclusion[s]' or 'fanciful factual allegation[s].'"  Id. (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

[6] These requirements apply to non-prisoner pro se litigants.  See N.D.N.Y. L.R. 72.3(d) ("Unless the Court orders otherwise, any civil action that a non-prisoner pro se litigant commences shall be referred to a Magistrate Judge for the purpose of review under 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915A when an application to proceed in forma pauperis is filed.").

Id. (internal quotation marks, citations, and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds pro se, . . . a court is obligated to construe his pleadings liberally.") (internal quotation marks and citations omitted).[7]  Thus, the Court is not required to accept unsupported allegations that are devoid of sufficient facts or claims.  Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570; see Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure."  Kastner v. Tri State Eye, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2

---

[7] The undersigned notes, however, that the Second Circuit has "occasionally endorsed some limited forms of this practice, and ha[s] suggested that it may be appropriate 'to charge a pro se litigant with knowledge of, and therefore withdraw special status in relation to, particular requirements [of the legal system] with which he is familiar as a result of his extensive prior experience in the courts.'"  Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010) (quoting Sledge v. Kooi, 564 F.3d 105, 109 (2d Cir. 2009), and citing Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994) (denying a pro se plaintiff an opportunity to replead on the ground that he was "an extremely litigious inmate who [wa]s quite familiar with the legal system and with pleading requirements")); see Shomo v. Furco, No. 18-CV-8523 (VB), 2020 WL 4194941, at *4 (S.D.N.Y. July 20, 2020) (determining that "the deference usually granted to pro se plaintiffs need not be expansively drawn in this case," given that the pro se plaintiff previously filed "at least ten lawsuits and appeals [and] was familiar with court procedure") (citations omitted).

(S.D.N.Y. Dec. 13, 2019) (quoting <u>Ruotolo v. IRS</u>, 28 F.3d 6, 8 (2d Cir. 1994)).[8]

Notably, Rule 8 provides that a pleading which sets forth a claim for relief shall contain,

among other things, "a short and plain statement of the claim showing that the pleader

is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the

claim being asserted so as to permit the adverse party the opportunity to file a

responsive answer, prepare an adequate defense and determine whether the doctrine

of res judicata is applicable."  <u>Flores v. Graphtex</u>, 189 F.R.D. 54, 55 (N.D.N.Y. 1999)

(internal quotation marks and citations omitted).  Rule 8 also requires the pleading to

include "(1) a short and plain statement of the grounds for the court's jurisdiction . . .

and (3) a demand for the relief sought . . . ."  FED. R. CIV. P. 8(a).  Although "[n]o

technical form is required," the Federal Rules make clear that each allegation contained

in the pleading "must be simple, concise, and direct."  FED. R. CIV. P. 8(d).

Further, Rule 10 provides in pertinent part that:

> [a] party must state its claims or defenses in numbered
> paragraphs, each limited as far as practicable to a single set
> of circumstances.  A later pleading may refer by number to a
> paragraph in an earlier pleading.  If doing so would promote
> clarity, each claim founded on a separate transaction or
> occurrence—and each defense other than a denial—must be
> stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of

identification for referring to a particular paragraph in a prior pleading[.]"  <u>Flores</u>, 189

F.R.D. at 55 (internal quotation marks and citations omitted).  A complaint that fails to

comply with the pleading requirements "presents far too a heavy burden in terms of

defendants' duty to shape a comprehensive defense and provides no meaningful basis

---

[8] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have
been provided to plaintiff.

for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

**B. Plaintiff's Complaint**

Plaintiff offers us a brief history lesson on the two-party political system in the United States. See Compl. I at 1-3. As relevant here, plaintiff claims that "[i]n New York State, Republican and Democrat lawmakers alike have created unconstitutional additional requirements in attempts to subvert an individual's Constitution[al] right to candidacy, such as [p]laintiff's, by drafting and passing laws with undue burdens, with the goal of preventing the emergence of any new or independent political party." Id. at 2, ¶4. Plaintiff complains that George Washington "warned of such a scenario," quoting Washington's September 17, 1796, farewell address. Id. at 2, ¶5. Plaintiff then reiterates that

> [election] laws in New York State . . . [are] unconstitutional [and] continue to subvert the power of the people [because i]ndividuals who are not aligned with any political party and seeking access to the ballot, such as [p]laintiff, are subjected to a barrage of unconstitutional additional requirements which consequently create undue burdens and unfair circumstances to the would-be independent candidate.

Id. at 2, ¶6.

8

Plaintiff asserts that he is "an individual over the age of twenty-five, a citizen of the United States for over seven years and a resident of New York State, thus qualified to be elected to Congress pursuant to the United States Constitution."  Compl. I at 3, ¶8.  Plaintiff "announced a run to represent New York State's 21st Congressional District on or around March 13, 2024."  Id. at 3, ¶12.  "Plaintiff began circulating an independent nominating petition on April 16, 2024."[9,10]  Id. at 3, ¶13.  "The deadline to file three thousand five hundred (3,500) signatures for an independent nominating petition was May 28, 2024."[11]  Id. at 4, ¶14.  "Plaintiff filed approximately three thousand eight hundred twenty eight (3,828) signatures on May 28, 2024."  Id. at 4, ¶15.  Two individuals, including Margaret Bartley, the chair of the Essex County Democratic Committee, "filed general objections and specifications challenging the petition on various grounds."  Compl. II at 56-59.  After conducting a prima facie examination of the petition, the New York State Board of Elections "invalidated [p]laintiff's independent nominating petition on or around June 13, 2024, claiming [p]laintiff only submitted three thousand four hundred ninety three (3,493) signatures, leaving [p]laintiff seven (7) signatures short of the unconstitutional requirement."  Compl. I at 4, ¶16; see Compl. II at 2, ¶10, 59.

On June 13, 2024, "[p]laintiff filed a lawsuit in the Albany County Supreme Court challenging [the New York State Board of Elections'] determination."  Compl. I at 4, ¶17;

---

[9] Plaintiff claims that "[t]hose running for a political party [were] able to circulate petitions from February 27, 2024 until April 4, 2024," but "[i]ndependent petitions were circulated between April 16, 2024 and May 28, 2024."  Compl. I at 5, ¶¶24-25.
[10] Plaintiff alleges that he "was unlawfully evicted on or around May 10, 2024."  Compl. I at 5, ¶30.  Plaintiff does not specify what he means by "unlawfully evicted," or otherwise explain how this relates to the instant action.  Id.
[11] Plaintiff contends that "petitions for political parties have a filing deadline of Thursday, April 4, 2024 while independent nominating petitions have a deadline of Tuesday, May 28, 2024."  Compl. I at 7, ¶37.

<u>see</u> Compl. II at 2, ¶11.  Specifically, plaintiff "filed a proposed order to show cause and petition commencing [a special] proceeding pursuant to Election Law § 6-102 seeking to validate his petition."  Compl. II at 59.  After plaintiff filed multiple amended petitions, "Honorable Christina L. Ryba signed an order to show cause on June 17, 2024 permitting service by overnight mailing on or before June 19, 2024."  <u>Id.</u> at 2, ¶12. "Plaintiff served all parties via overnight mailing by June 19, 2024."  <u>Id.</u> at 3, ¶13. However, Ms. Bartley and Paula Collins, plaintiff's political opponent in the upcoming election, "had refused 'actual delivery' of the overnight mailing."  <u>Id.</u> at 3, ¶15.  "Oral arguments were heard on June 28, 2024[,]" when plaintiff explained "that service was completed timely and thus, the special proceeding was initiated timely."[12]  <u>Id.</u> at 3, ¶¶15-16.  However, Ms. Bartley argued that the proceeding should be dismissed as untimely because, under N.Y. Elec. Law § 16-102, plaintiff needed to serve all parties by June 18, 2024, and he failed to do so.  <u>See id.</u> at 58-61.  Following oral arguments, on July 3, 2024, Hon. Ryba dismissed the proceeding as untimely.  <u>See</u> Compl. II. at 58-62.

Plaintiff now seeks to "challeng[e] the constitutionality of New York State's election laws[,]" including (1) "§ 6-136 and § 6-142, which dictate the number of signatures required for nominating petitions"; (2) "§ 6-158 which mandates the deadlines imposed for filing nominating petitions"; (3) "§ 6-134 which outlines the rules for nominating petitions"; (4) "§ 6-132 and 6-140, laws governing the required form of nominating petitions"; and (5) "16-102 which dictate[s] the institution of a special proceeding."  Compl. I at 1 (citing N.Y. Elec. Law §§ 6-132, 6-134, 6-136, 6-140, 6-142, 6-158); Compl. II at 1 (citing N.Y. Elec. Law § 16-102).  Plaintiff alleges that these laws

---

[12] However, in <u>Lewis I</u>, plaintiff claims the hearing took place "on or around June 11, 2024."  Compl. I at 6, ¶32.

violate "the First and Fourteenth Amendment of the United States Constitution" and he "requests this court to issue declaratory and injunctive relief preventing the New York State Board of Elections . . . from enforcing restrictive and unconstitutional laws and ordering [p]laintiff's name on the ballot for the 2024 general election."  Compl. I at 3, ¶7; see Compl. II at 1.

## C. Analysis

Liberally construing plaintiff's complaint, he brings claims under 42 U.S.C. § 1983 against the New York State Board of Elections,[13] alleging violations of his First and Fourteenth Amendment rights.[14]  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006) ("This policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'") (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)); cf. Tracy v. Freshwater, 623

---

[13] "Under New York law, the [New York State Board of Elections] is responsible for, the execution and enforcement of . . . statutes governing campaigns, elections and related procedures."  Schulz v. Williams, 44 F.3d 48, 61 n.13 (2d Cir. 1994) (citing N.Y. ELEC. LAW § 3-104).

[14] Although plaintiff refers to various individuals throughout Compl. I and Compl. II, including Ms. Bartley and Ms. Collins, he does not appear to pursue any claims against them in these actions, as he has made clear that he is solely "challenging the constitutionality of New York State's election laws."  Compl. I at 1; Compl. II at 1.  Moreover, as indicated previously, plaintiff appears to be an experienced litigator.  See supra note 1, 7.  Earlier this year, the undersigned reviewed a separate complaint filed by plaintiff in a separate action, and added parties that were mentioned in the complaint but not specifically identified in the "parties" section, in efforts to liberally construe plaintiff's submissions and interpret them to raise the strongest arguments that they suggest.  See Lewis v. Franklin Cnty., 8:23-CV-01647 (DNH/CFH) (N.D.N.Y. filed Dec. 28, 2023), Dkt. No. 10.  Plaintiff was extremely unappreciative of this, as he "explicitly object[ed] to the addition of parties," claimed that the undersigned's actions were "improper," and argued that he correctly pleaded the proper parties in the "parties" section of his complaint.  Id., Dkt. No. 13 at 1-2.  Thus, because the only party identified in the "parties" section of Compl. I and II is the New York State Board of Elections, and given plaintiff's litigation history, it appears that he does not intend to pursue claims against any other parties.  See generally Compl. I, Compl. II.  In any event, plaintiff's claims regarding Ms. Bartley and Ms. Collins "amount to nothing more than a rant more fitting of an editorial than a legal pleading."  Dillon v. Bush, No. 3:05-CV-188 (LAC/MD), 2005 WL 8163072, at *5 (N.D. Fla. Aug. 12, 2005).

F.3d 90, 101-02 (2d Cir. 2010) ("The solicitude afforded to pro se litigants . . . most often consists of liberal construction of pleadings, . . . [however,] the degree of solicitude may be lessened where the particular pro se litigant is experienced in litigation and familiar with the procedural setting presented.").

The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. AMEND. XI. Thus, "[a]s a general rule, state governments and their agencies may not be sued in federal court unless they have waived their Eleventh Amendment immunity or there has been a valid abrogation of that immunity by Congress."  Kisembo v. N.Y.S. Off. of Child. & Fam. Servs., 285 F. Supp. 3d 509, 519 (N.D.N.Y. 2018) (quoting Jackson v. Battaglia, 63 F. Supp. 3d 214, 219-20 (N.D.N.Y. 2014)); see Garcia v. Paylock, No. 13-CV-2868 (KAM), 2014 WL 298593, at *3 (E.D.N.Y. Jan. 28, 2014) ("Plaintiff's equal protection claims also may not be brought directly under the Fourteenth Amendment because the State has not waived its immunity or had that immunity abrogated pursuant to that constitutional amendment.") (citation omitted).  "This jurisdictional bar applies regardless of the nature of the relief sought."  Murawski v. N.Y. State Bd. of Elections, 285 F. Supp. 3d 691, 695 (S.D.N.Y. 2018) (quoting Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)); see Torres v. Off. of Adult Prob., No. 3:22-CV-00883 (SALM), 2023 WL 3259781, at *4 (D. Conn. May 4, 2023) (explaining that, although the plaintiff may bring a claim for injunctive relief against individual state officials, the plaintiff may

not bring such a claim against the state itself or its agencies) (citing Off. of Consumer Couns. v. S. New Eng. Tel. Co., 502 F. Supp. 2d 277, 291 (D. Conn. 2007)).

"'[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state.'" Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009) (quoting Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006)); see Marino v. City Univ. of New York, 18 F. Supp. 3d 320, 329 (E.D.N.Y. 2014) (explaining that sovereign immunity bars "direct constitutional claim[s] brought directly against a state entity") (citing Santiago v. N.Y. State Dep't of Corr. Servs., 945 F.2d 25, 30-32 (2d Cir. 1991)); see also Rubin v. N.Y. State Dep't of Motor Vehicles, No. 10-CV-4119 (NGG), 2010 WL 3842011, at *1 (E.D.N.Y. Sept. 28, 2010) ("The Eleventh Amendment bars suits against states, their agencies whether the [p]laintiff seeks relief at law or in equity, absent the state's consent to suit or an express or statutory waiver of immunity.") (citing Pennhurst State School & Hosp., 465 U.S. at 99-102).  "[T]he Board of Elections is a state agency for the purposes of the Eleventh Amendment[.]"  Credico v. N.Y. State Bd. of Elections, 751 F. Supp. 2d 417, 420 (E.D.N.Y. 2010) (citing McMillan v. N.Y. State Bd. of Elections, No. 10-CV-2502 (JG/VVP), 2010 WL 4065434, at *3 (E.D.N.Y. Oct. 15, 2010), aff'd, 449 F. App'x 79 (2d Cir. 2011) (summary order)); see Murawski, 285 F. Supp. 3d at 696 (collecting cases); see also Tiraco v. N.Y. State Bd. of Elections, 963 F. Supp. 2d 184, 191 n.7 (E.D.N.Y. 2013) ("It is undisputed that the State Board [of Elections], a New York state executive agency, is an 'arm of the state' entitled to sovereign immunity.") (citations omitted).  Specifically, "common sense and the rationale of the [E]leventh [A]mendment require that sovereign immunity attach" to the New York

13

State Board of Elections.  Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30, 50 (1994).

"There are three limited exceptions to state sovereign immunity."  Tiraco, 963 F. Supp. 2d at 191.  "First, a state may waive its sovereign immunity by consenting to suit in federal court."  Id. at 191-92  (citing Iwachiw v. N.Y.C. Bd. of Elections, 217 F. Supp. 2d 374, 379 (E.D.N.Y. 2002), aff'd, 126 F. App'x 27 (2d Cir. 2005) (summary order)) (additional citation omitted).  "Second, Congress may abrogate state sovereign immunity by acting pursuant to a grant of constitutional authority."  Leibovitz v. Barry, No. 15-CV-1722 (KAM), 2016 WL 5107064, at *5 (E.D.N.Y. Sept. 20, 2016) (citing Kimel v. Fl. Bd. of Regents, 528 U.S. 62, 80 (2000)).  "Third, under the Ex parte Young doctrine, sovereign immunity does not preclude a plaintiff from seeking prospective injunctive relief or declaratory relief against a state official acting in his or her official capacity for ongoing violations of federal law."  Tiraco, 963 F. Supp. 2d at 192 (citing State Emps. Bargaining Agent Coal. v. Rowland, 494 F.3d 71, 95 (2d Cir. 2007)); see Anghel v. N.Y. State Dep't of Health, 947 F. Supp. 2d 284, 298 (E.D.N.Y. 2013) ("[T]he doctrine of Ex Parte Young, . . . 'allows a suit for injunctive [or declaratory] relief challenging the constitutionality of a state official's actions in enforcing state law.'") (quoting CSX Transp., Inc. v. N.Y. State Off. of Real Prop. Servs., 306 F.3d 87, 98 (2d Cir. 2002)), aff'd, 589 F. App'x 28 (2d Cir. 2015) (summary order).

However, none of these exceptions apply here.  First, New York has not expressly waived its sovereign immunity with respect to the claims asserted in plaintiff's complaints.  See Edelman v. Jordan, 415 U.S. 651, 673 (1974) ("[W]e will find waiver only where stated 'by the most express language or by such overwhelming implications

from the text as (will) leave no room for any other reasonable construction.'") (quoting

Murray v. Wilson Distilling Co., 213 U.S. 151, 171 (1909)). "It is well-established that

New York has not consented to § 1983 lawsuits in federal court[.]" Mamot v. Bd. of

Regents, 367 F. App'x 191, 192 (2d Cir. 2010) (summary order) (citation omitted); see

Iwachiw, 217 F. Supp. 2d at 379-80 ("New York State has not waived its Eleventh

Amendment [immunity] in claims involving write-in candidates in United States

Senatorial Primaries[.]"); see also Dekom v. New York, No. 12-CV-1318 (JS/ARL), 2013

WL 3095010, at *10 (E.D.N.Y. June 18, 2013) (dismissing § 1983 claims against the

New York State Board of Elections on Eleventh Amendment immunity grounds), aff'd,

583 F. App'x 15 (2d Cir. 2014) (summary order).

Second, Congress has not "abrogated New York's sovereign immunity from suit

by acting pursuant to a grant of constitutional authority." Tiraco, 963 F. Supp. 2d at 192.

Indeed, 42 U.S.C. § 1983 does not override New York's sovereign immunity. See Mayo

v. Doe, 480 F. Supp. 3d 395, 402 (D. Conn. 2020) ("Section 1983 does not abrogate

state sovereign immunity") (citing Quern v. Jordan, 440 U.S. 332, 342 (1979)); see also

Sierotowicz v. N.Y. Div. of Hous. & Cmty. Renewal, No. 04-CV-3886 (NGG/LB), 2005

WL 1397950, at *1 (E.D.N.Y. June 14, 2005) (holding that 42 U.S.C. § 1983 does not

override New York's Eleventh Amendment sovereign immunity).

Third, the Ex Parte Young doctrine does not appear to salvage plaintiff's claims

for injunctive and declaratory relief against the New York State Board of Elections. See

Tiraco, 963 F. Supp. 2d at 192; see Ex parte Young, 209 U.S. 123 (1908). Indeed,

plaintiff "does not follow the requirement, established in Ex Parte Young, that a plaintiff

seeking prospective relief from the state must name as defendant a state official rather

than the state or a state agency directly." Santiago, 945 F.2d at 32 (citing Pennhurst State Sch. & Hosp., 465 U.S. at 102); see Melrose v. N.Y. State Dep't of Health Off. of Pro. Med. Conduct, No. 05-CV-8778 (SCR/LMS), 2009 WL 211029, at *5 (S.D.N.Y. Jan. 26, 2009) ("[T]he Second Circuit still requires that state officers be named in order for the Ex Parte Young exception to apply.") (citations omitted); see also Harris v. N.Y. State Educ. Dep't, 419 F. Supp. 2d 530, 534 (S.D.N.Y. 2006) ("Actions for injunctive relief under the Ex parte Young exception to [sovereign immunity] constitute suits against state officials, not against the state or state agency itself.").

Specifically, although plaintiff seeks injunctive relief, he has only named the New York State Board of Elections and has failed to name any individual state official as a defendant. See Tiraco, 963 F. Supp. 2d at 192 (dismissing the plaintiff's claims asserted against the New York State Board of Elections based on sovereign immunity, notwithstanding that the plaintiff sought prospective injunctive and declaratory relief, because he "failed to name any state official as a defendant"); cf. Gallagher v. New York State Bd. of Elections, 477 F. Supp. 3d 19, 37 (S.D.N.Y. 2020) ("Plaintiffs' . . . claims against the [New York State Board of Elections], therefore, are barred by sovereign immunity. But their federal claims against the [Board's] officers and Governor Cuomo . . . are not barred.") (citations omitted); Cohen v. Richardson, No. 1:23-CV-00224 (AMN/CFH), 2024 WL 418788, at *3 (N.D.N.Y. Feb. 5, 2024) (concluding that the Eleventh Amendment did not bar the plaintiff's suit, where the plaintiff "only [sought] declaratory and prospective injunctive relief" against named individuals employed by the New York State Board of Elections) (citing Cecos Int'l, Inc. v. Jorling, 706 F. Supp. 1006, 1024 (N.D.N.Y. 1989) ("[T]he [E]leventh [A]mendment does not forbid federal

courts from granting injunctive relief against a state official acting contrary to the United States Constitution."), aff'd, 895 F.2d 66 (2d Cir. 1990)), reconsideration denied, 2024 WL 3653801 (N.D.N.Y. Aug. 5, 2024).

Consequently, the New York State Board of Elections is entitled to sovereign immunity.  See Yang v. Kellner, 458 F. Supp. 3d 199, 208 (S.D.N.Y.) ("Because New York has not consented to be sued, and because Congress has not enacted legislation abrogating New York's Eleventh Amendment immunity with regard to [the p]laintiffs' . . . causes of action, the claims against the [Board of Elections] as a state agency are barred by sovereign immunity."), aff'd sub nom. Yang v. Kosinski, 960 F.3d 119 (2d Cir. 2020); see also McMillan, 449 F. App'x at 80 (affirming dismissal of the plaintiff's claims against the New York State Board of Elections as barred by the Eleventh Amendment); Ulanov v. N.Y. State Bd. of Elections, No. 22-CV-193 (AMD/LB), 2022 WL 173112, at *2 (E.D.N.Y. Jan. 19, 2022) ("Accordingly, the New York State Board of Elections is immune from suit, and the plaintiff's claims against it must be dismissed."), reconsideration denied, 2022 WL 767865 (E.D.N.Y. Mar. 14, 2022).

"The undersigned notes that a dismissal based on the doctrine of sovereign immunity, is consequently a dismissal for lack of subject matter jurisdiction."  Griffith v. New York State, No. 5:23-CV-1266 (DNH/ML), 2024 WL 1641587, at *5 n.4 (N.D.N.Y. Mar. 20, 2024) (citing Crumble v. United States, No. 1:23-CV-4427 (LTS), 2023 WL 5102907, at *7 (S.D.N.Y. Aug. 7, 2023), and Nguyen v. Kijakazi, No. 20-CV-0607 (MKB), 2022 WL 542265, at *8 (E.D.N.Y. Feb. 23, 2022)), report and recommendation adopted, 2024 WL 1639856 (N.D.N.Y. Apr. 16, 2024); see Wang v. Delphin-Rittmon, 664 F. Supp. 3d 205, 217 (D. Conn. 2023) ("[S]overeign immunity strips the court of

jurisdiction[.]") (citing Smith v. Scalia, 44 F. Supp. 3d 28, 40 n.10 (D.D.C. 2014), aff'd, 2015 WL 13710107 (D.C. Cir. 2015)); see Iwachiw, 217 F. Supp. 2d at 383 (dismissing the plaintiff's section 1983 action against the New York State Board of Elections for lack of subject matter jurisdiction under the Eleventh Amendment, noting "[t]he Eleventh Amendment is an explicit limitation on federal jurisdiction") (internal quotation marks and citations omitted).  Thus, it is recommended that plaintiff's claims against the New York State Board of Elections be dismissed without prejudice for lack of subject matter jurisdiction.  See Abadi v. City of New York, 22-CV-1560, 2023 WL 3295949, at *3 n.3 (2d Cir. May 8, 2023) (summary order) ("Because the Court lacks subject matter jurisdiction . . . the amended complaint should be dismissed without prejudice.") (citing Katz v. Donna Karan Co., L.L.C., 872 F.3d 114, 116 (2d Cir. 2017) ("[A] complaint must be dismissed without prejudice where the dismissal is due to the court's lack of subject matter jurisdiction[.]")).

## IV. Leave to Amend

Generally, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted).  "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'"  Edwards v. Penix, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)).

Here, it is not an entirely foregone conclusion that plaintiff could amend his complaint to state a claim.  See Meyers v. Becker, No. 1:23-CV-173 (DNH/CFH), 2023 WL 3079611, at *6 (N.D.N.Y. Apr. 5, 2023), report and recommendation adopted, 2023 WL 3073495 (N.D.N.Y. Apr. 25, 2023); see also Stiegman v. New York State Off. of Info. Tech. Servs., No. 1:19-CV-18 (GTS/CFH), 2019 WL 1762900, at *5 (N.D.N.Y. Apr. 22, 2019) (dismissing the plaintiff's claims against a New York state agency as barred by sovereign immunity, but granting the plaintiff leave to amend should the plaintiff wish to name an individual state official pursuant to the Ex Parte Young exception), report and recommendation adopted, 2019 WL 4727444 (N.D.N.Y. Sept. 27, 2019).  Thus, it is recommended that plaintiff's complaint be dismissed without prejudice and with leave to amend should plaintiff wish to name a proper party or plead a proper claim.[15]

## V. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application for leave to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is further

---

[15] Any amended pleading supersedes and replaces a prior pleading in its entirety.  In the event the District Judge adopts the undersigned's recommendation and plaintiff amends his complaint, plaintiff is advised that any amended pleading cannot incorporate a prior pleading by reference.  See, e.g., Anthony v. Fein, Such & Crane, LLC, No. 5:15-CV-00452 (DNH/TWD), 2015 WL 7749894, at *5 (N.D.N.Y. Sept. 22, 2015) ("[I]n the event Plaintiff is granted leave to amend, he be instructed that the amended complaint will take the place of and effectively invalidate Plaintiff's second amended complaint"), report and recommendation adopted, 2015 WL 7738048 (N.D.N.Y. Dec. 1, 2015).  Further, an amended complaint may not replead any claims or defendants dismissed by this Court with prejudice.  An amended pleading must establish this Court's jurisdiction and state a claim for relief against each named defendant for which leave to replead was granted according to Rules 8 and 10 of the Federal Rules of Civil Procedure.

**RECOMMENDED**, that plaintiff's claims against the New York State Board of Elections be **DISMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND**; and it is

**RECOMMENDED**, that this matter (8:24-CV-00849, "Lewis I") be **CONSOLIDATED** with 8:24-CV-01036 ("Lewis II"), with the lead case being 8:24-CV-00849, and the member case being 8:24-CV-01036; and it is further

**RECOMMENDED**, that, if consolidation is granted, this Report-Recommendation and Order be docketed and served in all cases, with future filings to be docketed in only the lead case; and it is

**RECOMMENDED**, that, if the District Judge adopts this Report-Recommendation and Order, plaintiff be given thirty (30) days from the date of the Order adopting this Report-Recommendation and Order to file an amended complaint, and if plaintiff does not file an amended complaint within that time frame, the case be closed without further order by the Court; and it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette,

984 F.2d 85, 89 (2d Cir. 1993) (citing <u>Small v. Sec'y of Health and Human Servs.</u>, 892

F.2d 15 (2d Cir. 1989)); <u>see</u> <u>also</u> 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[16]

      Dated:  September 30, 2024
               Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[16] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. <u>Id.</u> § 6(a)(1)(c).