UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SCOTT PHILLIP LEWIS,

                            Plaintiff,

v.                                                                   8:24-CV-0849
                                                                      (GTS/CFH)

NEW YORK STATE BOARD OF ELECTIONS,

                            Defendant.
_____

SCOTT PHILLIP LEWIS,

                            Plaintiff,

v.                                                                        8:24-CV-1036
                                                                      (GTS/CFH)

NEW YORK STATE BOARD OF ELECTIONS,

                            Defendant.
_____

APPEARANCES:                                                    OF COUNSEL:

SCOTT PHILLIP LEWIS
  Plaintiff, *Pro Se*
1936 Saranac Ave, #3, PMB 411
Lake Placid, NY 12946

HON. LETITIA A. JAMES                               AIMEE COWAN, ESQ.
  Counsel for Defendant                                 Assistant Attorney General
300 South State Street, Suite 300
Syracuse, NY 13202

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in each of the two above-captioned civil rights actions filed

by Scott Phillips Lewis ("Plaintiff") against the New York State Board of Elections

("Defendant"), is a Report-Recommendation by United States Magistrate Judge Christian F. Hummel recommending that (1) the matters be consolidated, with the lead case being Action No. 8:24-CV-0849, and the member case being Action No. 8:24-CV-1036, and (2) Plaintiff's Complaint in each action be *sua sponte* dismissed without prejudice and with leave to amend. (Action No. 8:24-CV-0849, Dkt. No. 25; Action No. 8:24-CV-1036, Dkt. No. 28.)  In each action, Plaintiff has filed an Objection, and Defendant has filed a Response to that Objection. (Action No. 8:24-CV-0849, Dkt. Nos. 27, 28; Action No. 8:24-CV-1036, Dkt. Nos. 30, 31.)  For the reasons set forth below, each Report-Recommendation is accepted and adopted in its entirety, the matters are consolidated (with the lead case being Action No. 8:24-CV-0849, and the member case being Action No. 8:24-CV-1036), and Plaintiff's Complaint in each action shall be dismissed unless Plaintiff files an Amended Complaint within thirty days of the entry of this Decision and Order.

As an initial matter, the Court finds that (1) because neither of Plaintiff's Objections challenges Magistrate Judge Hummel's recommendation regarding consolidation, that recommendation need be (and is) reviewed only for clear error,[1] and (2) that recommendation

---

[1] When no specific objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear-error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear-error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to  which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(C); *see, e.g., Mario v. P&C Food Markets, Inc*., 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to

survives that clear-error review for the reasons stated in each Report-Recommendation. (Action No. 8:24-CV-0849, Dkt. Nos. 27, 25; Action No. 8:24-CV-1036, Dkt. Nos. 30, 28.)

Turning to Magistrate Judge Hummel's recommendation regarding the dismissal of Plaintiff's Complaint without prejudice and with leave to amend, the Court begins by finding that, even when viewed with the utmost of special leniency, neither of Plaintiff's Objections contains a specific challenge to either Report-Recommendation other than a specific challenge to the recommended dismissal of each Complaint on the grounds that Defendant is entitled to sovereign immunity. (Action No. 8:24-CV-0849, Dkt. No. 27; Action No. 8:24-CV-1036, Dkt. No. 30.) As a result, the remaining portions of each Report-Recommendation need be (and are) reviewed only for clear error, which the Court finds they survive for the reasons stated in each Report-Recommendation. (Action No. 8:24-CV-0849, Dkt. No. 25; Action No. 8:24-CV-1036, Dkt. No. 28.)

Finally, with regard to Plaintiff's specific challenge to the recommended dismissal of each Complaint on the grounds that Defendant is entitled to sovereign immunity, the Court must review each such recommendation *de novo*.[2] After doing so, the Court finds that each recommendation survives that *de novo* review for the reasons stated in each of Defendant's

---

the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

Responses: Magistrate Judge Hummel employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (Action No. 8:24-CV-0849, Dkt. No. 28; Action No. 8:24-CV-1036, Dkt. No. 31.) As a result, the challenged portion of each Report-Recommendation is also accepted and adopted in its entirety for the reasons stated therein. (*Id*.)

To those reasons, the Court adds only that, as argued by Defendant in each of its Responses, is well established that Defendant is a state agency for the purposes of the Eleventh Amendment. *See, e.g., McMillan v. New York State Bd. of Elections*, 10-CV-2502, 2010 WL 4065434, at *3 (E.D.N.Y. Oct. 15, 2010) ("The State Board [of Elections] is a state agency for the purposes of the Eleventh Amendment."), *aff'd*, 449 F. App'x 79 (2d Cir. 2011) (summary order); *Iwachiw v. New York City Bd. of Elections*, 217 F. Supp. 2d 374, 380 (E.D.N.Y. 2002) ("[T]he Eleventh Amendment bars the Section 1983 action against the State Board of Elections."), *aff'd, Iwachiw v. New York City Bd. of Elections*, 126 F. App'x 27 (2d Cir. 2005); *Murawski v. New York State Bd. of Elections*, 285 F. Supp. 3d 691, 696 (S.D.N.Y. 2018) ("The State Board of Elections is a state agency for the purposes of the Eleventh Amendment . . . .") (internal quotation marks omitted); *Tiraco v. N.Y. State Bd. of Elections*, 963 F. Supp. 2d 184, 191 n.7 (E.D.N.Y. 2013) ("It is undisputed that the State Board [of Elections], a New York state executive agency, is an 'arm of the state' entitled to sovereign immunity."); *Credico v. New York State Bd. of Elections*, 751 F. Supp. 2d 417, 420 (E.D.N.Y. 2010) ("[T]he Board of Elections is a state agency for the purposes of the Eleventh Amendment . . . .").

**ACCORDINGLY**, it is

**ORDERED** that each Report-Recommendation in the two above-captioned actions

(Action No. 8:24-CV-0849, Dkt. No. 25; Action No. 8:24-CV-1036, Dkt. No. 28) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the two above-captioned actions are **CONSOLIDATED** pursuant to Fed. R. Civ. P. 42(a) (with the lead case being Action No. 8:24-CV-0849, and the member case being Action No. 8:24-CV-1036); and it is further

**ORDERED** that Plaintiff's Complaint in each action (Action No. 8:24-CV-0849, Dkt. No. 1; Action No. 8:24-CV-1036, Dkt. No. 1) **shall be DISMISSED** without further Order of the Court, **UNLESS**, **within THIRTY (30) DAYS** of the entry of this Decision and Order, Plaintiff files an **AMENDED COMPLAINT** that cures the pleading defects identified in each Report-Recommendation; and it is further

**ORDERED** that, should Plaintiff file a timely Amended Complaint, that Amended Complaint shall be, without further Order of this Court, referred to Magistrate Judge Hummel for his review of its pleading sufficiency.

Because the Court certifies that any appeal from this Decision and Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), the Court revokes Plaintiff's *in forma pauperis* status on any appeal from this Decision and Order.

Dated: November 6, 2024
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge